**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 95-10916**

_____

**MAXUS ENERGY CORP.,**

**Plaintiff-Appellant,**

**VERSUS**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Northern District of Texas, Dallas
(3:92-CV-1655-X)

_____

August 8, 1996

Before REYNALDO G. GARZA, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this Comprehensive Environmental Response, Compensation,
and Liability Act ("CERCLA") case, 42 U.S.C. § 9601, _et seq_.,
Plaintiff/Appellant Maxus Energy Corporation ("Maxus") seeks to

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

recover response costs and obtain contribution from the United States for expenses incurred by Maxus in the clean-up of a hazardous waste site.

Section § 9613(f)(1) of CERCLA states that "[a]ny person may seek contribution from any other person who is liable or potentially liable under § 9607(a) of this title...." 42 U.S.C. § 9613(f)(1). Section 9607(a) provides that, to establish a prima facie case of liability, a plaintiff must prove, <u>inter alia</u>, that the defendant is a "responsible party" under CERCLA. <u>Joslyn Mfg. Co. v. Koppers Co.</u>, 40 F.3d 750, 760 (5th Cir. 1994). "To be liable as a responsible party under CERCLA, [a party] must fall into one of the categories set out in ... 42 U.S.C. § 9607(a)." <u>Id.</u> Section 9607(a) imposes liability upon four categories of responsible people:

> (1) the **owner and operator** of a ... facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise **arranged** for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release

which causes the incurrence of response costs....

42 U.S.C. § 9607(a)(emphasis added).

Maxus argues that the United States is liable as both an "operator" under § 9607(a)(1), and as an "arranger" under § 9607(a)(3).

We have carefully reviewed the briefs, the record excerpts, the reply brief, and relevant portions of the record itself. For the reasons stated by the district court in its Memorandum Opinion and Order filed September 1, 1995, which granted the motion for a summary judgment of defendant, United States, the final judgment entered by the district court on September 1, 1995, is AFFIRMED.